IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RACHEL WILLIS § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:12-cv-1861 |
| § | |
| UNIVERSAL HEALTHCARE, INC. and § | |
| UNIVERSAL HMO OF TEXAS, INC. § | |
| § | |
| Defendants § | |

**PLAINTIFF'S COMPLAINT**
**(JURY TRIAL REQUESTED)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Rachel Willis, files this Original Petition against Defendant, UNIVERSAL HEALTHCARE, INC. and UNIVERSAL HMO OF TEXAS, INC., showing the Court as follows:

**PARTIES**

1. Plaintiff Rachel Willis is an individual and a resident of Texas.

2. Defendant UNIVERSAL HEALTHCARE, INC. may be served through its registered agent, C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

3. Defendant UNIVERSAL HMO OF TEXAS, INC. is a Texas corporation and may be served through its registered agent, C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to pursuant to 28 U.S.C. §1331 and Title Seven of the Civil Rights Act of 1964.

5. Venue in this Court is proper pursuant to 29 U.S.C. §2104 (a)(5).

## FACTS

6. Plaintiff was employed by Defendants. Plaintiff was an exemplary employee of Defendants. Her skills had been used to train others. She was approached regarding becoming a member of management. Instead of being promoted to manager, Defendants promoted a Caucasian male who was much younger than the Plaintiff. This person promoted was less qualified than the Plaintiff. Defendants not only failed to promote Plaintiff, but they also terminated her on or around November 4, 2011.

7. After she was terminated Defendants, through its agents, also informed others that Plaintiff created a compliance risk in her work as an insurance agent. This was not true.

8. Plaintiff has received a Notice of Right to Sue from both the Texas Commission on Human Rights and the EEOC. Those notices are attached hereto.

## COUNT ONE– RACE DISCRIMINATION UNDER TITLE VII AND THE TCHRA

9. All factual allegations set forth in paragraphs 1 through 8 are incorporated herein by reference.

10. Plaintiff is an African American and the only African American female in her unit applying for the regional manager position. Race was a motivating and contributing factor of Plaintiff being passed over for the regional manager position. Moreover, race was a motivating and contributing factor in her termination.

11. Defendants' statutory violation has directly and approximately caused damage to Plaintiff, for which sum she hereby sues Defendant.

## COUNT TWO – SEX DISCRIMINATION UNDER TITLE VII AND THE TCHRA

12. All factual allegations set forth in paragraphs 1 through 11 are incorporated herein by reference.

13. Plaintiff was the only female in her unit applying for the regional manager position. Sex was a motivating and contributing factor of Plaintiff being passed over for the regional manager position. Moreover, sex was a motivating and contributing factor in her termination.

14. Defendants' statutory violation has directly and approximately caused damage to Plaintiff, for which sum she hereby sues Defendant.

## COUNT THREE – AGE DISCRIMINATION UNDER TITLE VII AND THE TCHRA

15. All factual allegations set forth in paragraphs 1 through 14 are incorporated herein by reference.

16. Plaintiff was 44 years old at the time she was applying for the regional manager position. Age was a motivating and contributing factor of Plaintiff being passed over for the regional manager position. Moreover, age was a motivating and contributing factor in her termination.

17. Defendants' statutory violation has directly and approximately caused damage to Plaintiff, for which sum she hereby sues Defendant.

## COUNT FOUR - RETALIATION TITLE VII AND THE TCHRA

18. All factual allegations set forth in paragraphs 1 through 17 are incorporated herein by reference.

19. Plaintiff was discharged for complaining about her discrimination. Therefore, Defendants have retaliated against her.

20. Defendants' statutory violation has directly and approximately caused damage to Plaintiff, for which sum she hereby sues Defendant.

### COUNT FIVE – CAUSES OF ACTION AGAINST DEFENDANTS: LIBEL, SLANDER AND DEFAMATION

21. All factual allegations set forth in paragraphs 1 through 20 are incorporated herein by reference.

22. Pursuant to Texas state law, the Plaintiff pleads causes of action against Defendants for libel, defamation and slander. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

22. Defendants, by and through its agent, servants and employees communicated and published in oral form to Plaintiff, and others that Plaintiff engaged in unethical activity. Said statements were false and untrue. Said publications were made with malice and lack of good faith.

23. As a direct and proximate result of said libel and slander, Plaintiff has suffered damages, including damages to his reputation, which are in excess of the minimum jurisdictional limits of this Court.

### DAMAGES

24. All factual allegations set forth in paragraphs 1 through 23 are incorporated herein by reference.

25. As a result of the statutory violations of Defendants, Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, including, but not limited to: (1) mental

anguish and distress; (2) future mental anguish and distress; (3) past and future loss of earning capacity; (4) past and future financial damages.

## PUNITIVE DAMAGES

26.     All factual allegations contained in Paragraphs 1 through 25 are incorporated herein by reference.

27.     Defendants' conduct was done knowingly with the intent to injure and do harm to Plaintiff.  Additionally, Defendants' conduct, when viewed objectively from the standpoint of the Defendant at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to the Plaintiff.  Despite this, Defendants proceeded with conscious indifference to the rights and welfare of Plaintiff despite Defendants' actual subjective awareness of the risk involved.  Accordingly, Plaintiff is entitled to punitive damages.

## ATTORNEY'S FEES

28.     Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay the undersigned attorney a reasonable fee for her legal services.  Plaintiff is entitled to recover her attorney's fees against Defendants through the trial phase of this action and, if necessary, through the appellate process.

## JURY DEMAND

29.     Plaintiff requests a jury trial and that this case be set on the Court's jury docket.

WHEREFORE, Plaintiff respectfully requests that (1) Plaintiff recover her damages in an amount which exceeds the jurisdictional limits of this court, both actual and punitive, reasonable attorney's fees and pre-judgment and post-judgment interest on all the foregoing at a maximum rate allowed by law; and (2) Plaintiff be awarded such other and further relief to which she is justly entitled.

Respectfully submitted,

THE JOCKEL LAW OFFICE


_____/s/ David B. Joeckel, Jr._____
David B. Joeckel, Jr.
State Bar No. 10669700

1117 W. Magnolia Avenue
Fort Worth, Texas 76104
(817) 924-8600
(817) 924-8603 facsimile

ATTORNEYS FOR PLAINTIFF